# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 3, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Steven O. Dale, Acting Commissioner of
the West Virginia Division of Motor Vehicles
Petitioner Below, Petitioner**

**vs) No. 13-0889** (Kanawha County 12-AA-26)

**Craig Ray,
Respondent Below, Respondent**


## MEMORANDUM DECISION

In this appeal, Steven O. Dale, Commissioner of the West Virginia Division of Motor Vehicles ("the Commissioner"), appeals the final order of the Circuit Court of Kanawha County which, by order dated July 19, 2013, affirmed an order of the Office of Administrative Hearings ("OAH") dated March 3, 2012. The Commissioner, through counsel, Elaine L. Skorich, filed a brief with this Court. Respondent Craig Ray, by counsel, Howard J. Blyler, filed a response. The Commissioner filed a reply.

The Commissioner revoked Mr. Ray's driver's license on November 24, 2010, for the offense of driving under the influence of alcohol with a blood alcohol concentration ("BAC") level of 0.08 percent or more in violation of W. Va. Code § 17C-5-2 (2010). Following an administrative hearing on February 2, 2011, before the OAH, the chief hearing examiner entered its order reversing the Commissioner's order of revocation on the basis that the stop and subsequent arrest of Mr. Ray was unlawful. The circuit court affirmed the decision of the OAH reversing the revocation of Mr. Ray's driver's license.

Upon consideration of the standard of review, the parties' briefs, the record presented, and the oral arguments, this Court concludes that the OAH and circuit court erred and that the circuit court's July 19, 2013, order must be reversed. This Court finds that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure, and accordingly, a memorandum decision is the appropriate disposition for this case.

On the evening of September 19, 2010, Cowen Police Officer Kevin Cutlip arrested Mr. Ray for driving under the influence of alcohol, prompting the Commissioner to revoke Mr. Ray's driver's license. Mr. Ray challenged the revocation, and at the

1

hearing before the OAH, he and Officer Cutlip testified as to the events giving rise to the revocation.

Officer Cutlip testified that on the evening of the arrest, he was parked in a parking lot adjacent to W. Va. Route 20 conducting a road patrol. The parking lot was situated across the roadway from Mr. Ray's driveway. Officer Cutlip stated that he observed Mr. Ray make a right turn from his driveway onto the roadway, crossing the center line in the process. Officer Cutlip intended to follow Mr. Ray's vehicle, but was stopped by a second vehicle that approached. According to Officer Cutlip, the driver of the second vehicle stated, "that vehicle in front of you sitting there or riding down the road there, that person drinks all the time. I know he's drinking, and you need to do something."[1] Officer Cutlip testified that he then attempted to follow Mr. Ray, but after losing track of Mr. Ray's vehicle, Officer Cutlip returned to the parking lot across from Mr. Ray's driveway.

Sometime later, Officer Cutlip observed Mr. Ray's vehicle return on Route 20. He described Mr. Ray's vehicle as being "left of center just a little bit." Officer Cutlip then proceeded from the lot to stop Mr. Ray, stopping Mr. Ray's vehicle in the driveway near Mr. Ray's residence. Officer Cutlip described Mr. Ray as exiting his vehicle in an unsteady manner and having an odor of an alcoholic substance. He noted that Mr. Ray's eyes were "blurry" and that his speech was slurred. Mr. Ray told Officer Cutlip that he had consumed three beers.

Following an altercation with Mr. Ray's brother,[2] Officer Cutlip stated that Mr. Ray failed the three field sobriety tests he administered—horizontal gaze nystagmus, walk and turn, and one-legged stand—and he thereupon placed Mr. Ray under arrest. Officer Cutlip transported Mr. Ray to the Webster County Sheriff's Department. There, Officer Cutlip administered the intoximeter test, which indicated that Mr. Ray had a BAC of 0.12 percent. Officer Cutlip then completed the DUI Information Sheet, checking boxes indicating that he had observed Mr. Ray "straddling the center line" and "weaving."

---

[1] Mr. Ray testified that the person Officer Cutlip spoke to was Mr. Ray's stepdaughter.

[2] Shortly after Officer Cutlip initiated the stop of Mr. Ray's vehicle, Mr. Ray's brother intervened, arguing with Officer Cutlip. Officer Cutlip ultimately restrained Mr. Ray's brother in handcuffs and placed him in the police car. Mr. Ray testified that during this time, "I took my ice cream and went up and put it in my house. I was up there in my house probably five or ten minutes, because he wondered where I had went. . . . And I drank a beer when I went to my house to put the ice cream up."

At the hearing before the OAH, Officer Cutlip was questioned as to the discrepancy between his testimony—that he had seen Mr. Ray cross the center line—and the criminal complaint associated with the stop, in which Officer Cutlip had written that he had seen Mr. Ray weave "but not" cross the center line. Officer Cutlip asserted that the criminal complaint contained a typographical error and that "but not" should have been "and" in the document.[3] Mr. Ray denied that he had driven in the manner described in Officer Cutlip's testimony.

In the OAH's March 3, 2012, order, the hearing examiner determined that Officer Cutlip's testimony regarding whether Mr. Ray's vehicle crossed the center line was not reliable because of the discrepancy between that testimony and the criminal complaint. The order reversed the revocation of Mr. Ray's driver's license, finding that

> [t]he failure to establish the legitimacy of the initial investigative stop of the motor vehicle driven by [Mr. Ray] on the date of the alleged offense, precludes the consideration of evidence, if any, obtained incidental to that stop. Such evidence is crucial to support a determination that [Officer Cutlip] had reasonable grounds to believe that [Mr. Ray] had been driving a motor vehicle in this State while under the influence of alcohol and that [Mr. Ray] was lawfully arrested for the offense.

The Commissioner appealed to the circuit court. By order entered July 19, 2013, the circuit court affirmed the decision of the OAH. The Commissioner then appealed to this Court.

Our standard of review for a license revocation proceeding is as follows:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va.Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

---

[3] The appendix record provided to the Court does not contain the criminal complaint.

3

On appeal, the Commissioner contends that the circuit court was clearly wrong in concluding that "the OAH properly found there was no reasonable evidence to determine Craig Ray was in fact operating a motor vehicle under the influence of alcohol." We agree with the Commissioner.

The hearing examiner determined that Officer Cutlip did not have a valid reason to stop Mr. Ray. This finding was based upon Mr. Ray's testimony that he did not drive erratically and an inconsistency between the criminal complaint and the DUI Information Sheet on the issue of crossing the center line. As pointed out above, Officer Cutlip explained that the language at issue in the criminal complaint contained a typographical error, and Office Cutlip asserted that Mr. Ray did in fact cross the center line and was weaving.

Based upon the credible evidence adduced below, we believe that Officer Cutlip's stop of Mr. Ray's vehicle and his arrest of Mr. Ray were justified. We find that the hearing examiner's determination that Officer Cutlip testimony was not credible regarding whether he saw Mr. Ray cross the center line was clearly wrong and arbitrary. Officer Cutlip explained that the criminal complaint contained a typographical error. This combined with the other evidence presented through Officer Cutlip—that Mr. Ray exited his vehicle in an unsteady manner, that Mr. Ray's eyes were blurry, that Mr. Ray's speech was slurred, that Mr. Ray failed all three field sobriety tests administered, and that Mr. Ray's BAC was 0.12 percent—strongly supports Officer Cutlip's contention that Mr. Ray's vehicle was weaving and that Mr. Ray was driving under the influence of alcohol. Therefore, we disagree with the conclusion of the OAH and the circuit court, and we find that there were sufficient grounds to justify Officer Cutlip's stop of Mr. Ray's vehicle.

Because we find the investigatory stop to be legitimate, we now turn to examine the evidence that Mr. Ray was actually driving under the influence. Mr. Ray contends that this Court should not reach the issue of the sufficiency of the evidence because the hearing examiner did not address the evidence on the merits. We find that because this case was fully tried on the merits, and because Mr. Ray and the Commissioner had a full and fair opportunity to present all the evidence they deemed relevant, we may decide the issue. We have held:

> We can "make independent factual determinations without resorting to remand where the record contains sufficient dispositive facts for decision." Syl. pt. 1, in part, *Tomkies v. Tomkies*, 158 W.Va. 872, 215 S.E.2d 652 (1975). *See also* Syl. pt. 3, in part, *State v. Salmons*, 203 W.Va. 561, 509 S.E.2d 842 (1998) (When "the record is adequately developed on the issue, this Court may, in its discretion, review the merits of the assignment of error.").

4

*State v. Varner*, 212 W. Va. 532, 537, 575 S.E.2d 142, 147 (2002).

Our review of the evidence presented below and described herein of Mr. Ray's intoxication, including his BAC of 0.12 percent, amply supports the Commissioner's contention, by a preponderance of the evidence, that Mr. Ray drove under the influence of alcohol in violation of W. Va. Code § 17C-5-2. The hearing examiner and the circuit court were both clearly wrong to disregard the evidence of Mr. Ray's intoxication. Therefore, we reverse the circuit court's July 19, 2013, order, and we remand the matter to the circuit court for an order reinstating the revocation imposed by the Commissioner.[4]

Reversed and remanded.

**ISSUED:** June 3, 2014

**CONCURRED IN BY:**
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] The Commissioner argues that the decisions of the OAH and the circuit court are tantamount to an application of the exclusionary rule in violation of our recent decisions in *Miller v. Toler*, 229 W. Va. 302, 729 S.E.2d 137 (2012), and *Miller v. Smith*, 229 W. Va. 478, 729 S.E.2d 800 (2012). Because we reverse on other grounds, we need not address the Commissioner's argument in this regard.